Opinion of
the Court.
THIS was an action of covenant for the payment of $160 in horses, on or before a given day.
One question in the cause is, whether a tender to the obligee before the day at his usual place of residence, is a legal and valid one.
The principle decided in the case of Chambers vs. Winn, is no longer to be questioned.
A tender to the obligee at any time before the uttermost convenient hour of the last day named in the covenant, would be good if made at the proper place. The place of payment, is either a matter of compact or matter of law. If the place of payment be fixed by the agreement of the parties, the tender must be made there, and would not be good if made any where else, although it might be to the obligee in person; but if the place of payment be not agreed upon by the parties, it will depend upon the nature of the thing contracted to be paid, or of the duty to be performed where the place of payment or of performance shall be. If money is contracted to be paid, and no place is named for the payment, the obligor is bound to seek the obligee if within this Commonwealth, and pay or tender the money to him in person; but if property be the subject of the contract, the usual place of the obligor’s residence is the place of payment, as was adjudged in the case of Chambers vs. Winn Pr. Dec. 192. It is useless to go back to enquire what the law was upon this point prior to the decision of that case; it has ever since been followed, and the rule established by it, has become the settled law of the land. The residence of the obligor is then fixed by law as the place for the payment of property, unless otherwise agreed by the parties, and as the obligor in such case cannot be compeled to pay at any other place, the obligee ought not to be bound to accept of payment elsewhere; the rule to be reasonable must be reciprocal. To deserve the name of a rule, it ought to be uniform and equal in its operation upon both parties, and cannot without the most evident injustice, be made to accommodate itself to the interest or convenience of the obligor regardless of the obligee. We think, therefore, that the tender at the usual residence of the obligee, was not a legal and valid tender.
But there is another point on which we are of opinion,the judgment in this case ought to be reversed. The defendant in the action amongst other pleas filed by him, pleaded covenants performed, upon which no issue was joined. This is a defect not cured by any of the statutes of jeofails.
Judgment reversed.